**Waheid Talaat ROSTUM, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**Nos. 05–75934, 06–72634.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Edgar Chen, U.S. Department of Justice, Crim. Division/Office of Special Investigation, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

In these consolidated petitions, Waheid Talaat Rostum seeks review of two Board of Immigration Appeals' ("BIA") orders, one dismissing his appeal from an immigration judge's decision denying Rostum's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the other denying his motion to reopen proceedings.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review in No. 05–75934. Reviewing for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), we deny in part and dismiss in part the petition for review in No. 06–72634.

■■■ Contrary to Rostum's contention, the record does not compel a finding that the Egyptian government was unable or unwilling to control his assailants. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005) (indicating that failure to inform the government of an incident of persecution committed by a private actor undercuts the conclusion that the government is unwilling or unable to control the private actor's attempts at persecution). Accordingly, Rostum failed to establish eligibility for either asylum or withholding of removal. *See id.* We do not reach Rostum's contention that his mistreatment rose to the level of persecution. Substantial evidence supports the agency's denial of CAT relief because Rostum did not show it is more likely than not that he would be tortured if returned to Egypt. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

■■■ The BIA acted within its discretion in denying Rostum's motion to reopen as untimely because Rostum filed the motion nearly six months after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within ninety days of final order of removal), and he failed to submit new and material evidence of changed country conditions in Egypt that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see*

also *Malty*, 381 F.3d at 945 (requiring circumstances to "have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution"). We lack jurisdiction to review the BIA's decision not to invoke its authority to reopen proceedings sua sponte. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED (No. 05–75934).**

**PETITION FOR REVIEW DENIED in part; DISMISSED in part (No. 06–72634).**